Filed in Hamilton District Court
*** EFILED ***
Case Number: D28CI220000085
Transaction ID: 0018773178
Filing Date: 08/23/2022 09:16:42 AM CDT

IN THE DISTRICT COURT OF HAMILTON COUNTY, NEBRASKA

| | | |
|---|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY, | ) ) ) | Case No. CI 22- |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| v. | ) ) ) | |
| AUSTIN MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

Aurora Cooperative Elevator Company, by its attorneys, Rembolt Ludtke LLP, and for its cause of action against Defendant Austin Mutual Insurance Company states and alleges as follows:

**PARTIES, JURISDICTION, & VENUE**

1. Plaintiff Aurora Cooperative Elevator Company ("Aurora Coop") is a Nebraska corporation with its principal place of business in Hamilton County, Nebraska.

2. Defendant Austin Mutual Insurance Company ("Austin Mutual") is a Minnesota corporation with its principal place of business in Hennepin County, Minnesota.

3. This Court has personal jurisdiction over Austin Mutual because, as more fully set forth below, Austin Mutual issued to Aurora Coop an insurance policy insuring its property and business interests located in Nebraska and elsewhere.

4. Venue is appropriate in Hamilton County pursuant to Neb. Rev. Stat. § 25-403.01(4) because Austin Mutual is a nonresident of this State.

1

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5. At all times relevant to the claims asserted in this matter, there was in full force and effect a commercial property insurance policy issued by Austin Mutual to Aurora Coop which covered specified losses (the "Policy"). The Policy specifically includes coverage for losses of business income and other extra expense (collectively "Business Income").

### The Loss

6. On or about October 31, 2020, Aurora Coop's Superior East Facility, located at 2201 East 1st Street, Superior, Nebraska sustained a major fire incident, which caused major structural damage to the elevator and circle pile (the "Loss"). The Policy includes coverage for the Loss, including all lost Business Income caused by the Loss.

7. As a result of the Loss, the Superior East facility was shut down for nearly a year, returning to partial operations on September 18, 2021 and full operations on October 15, 2021.

8. The Loss caused Aurora Coop to incur significant lost Business Income. Aurora Coop's lost Business Income includes but is not limited to the following categories:

   a. Lost profits related to missed procurement, including sale and purchase, opportunities of corn and soybeans, including various incentive programs, for both the 2021 and 2022 crop years;
   b. Additional expenses necessary to bring the facility back into operation;
   c. Additional labor costs incurred as a result of the Loss; and
   d. Lost profits incurred due to carrying grain inventory into an inverted market without an ability to move that grain because the facility was shut down.

9. At all times relevant to this dispute, Aurora Coop made every attempt to mitigate its lost Business Income. For example, Aurora Coop took steps to get the Superior East Facility back up and running as fast as possible, and in the meantime, and to the extent possible, diverted existing customers to other nearby locations to help move grain. However, these nearby locations were not a reasonable substitute for many customers, and Aurora Coop still suffered significant loss as a result of these customers who

could not be served by the Superior East facility and for whom Aurora Coop could not provide a reasonable alternative during the period of shut down.

10. To-date, and after taking into account all mitigation efforts, Aurora Coop's lost Business Income from the Loss totals at least $9,900,877.

## Coverage Dispute

11. Aurora Coop timely submitted claims under the Policy relating to the Loss, including a claim for lost Business Income. Beginning as early as December of 2020, Aurora Coop began meeting with representatives from Austin Mutual, including Austin Mutual's designated experts to provide documentation of the Loss. Aurora Coop repeatedly compiled and delivered documentation of the Loss to Austin Mutual and its experts. Aurora Coop hosted representatives of Austin Mutual and its experts at its facility and gave them access to all pertinent financial records and data.

12. Despite opening its facility up to Austin Mutual and timely responding to each and every request for documents, Austin Mutual has both failed and refused to accept Aurora Coop's lost Business Income calculation of $9,900,877 and has further refused to provide a final number for what it believes constitutes Aurora Coop's lost Business Income.

13. On or about July 26, 2021, Austin Mutual issued a partial payment for Aurora Coop's lost Business Income in the amount of $4,000,000. However, Austin Mutual did not explain how this amount was calculated or respond to Aurora's Coop's request for further detail on the calculation.

14. Aurora Coop accepted the partial payment without prejudice to its right to claim further lost Business Income.

15. Following the July 26, 2021 partial payment, Aurora Coop and Austin Mutual continued to engage in discussion regarding the calculation of the lost Business Income. However, to-date the parties have been unable to reach agreement.

16. On July 18, 2022, Aurora Coop made demand upon Austin Mutual for reimbursement of the full remaining amount of its lost Business Income, or in the alternative, requested that Austin Mutual agree to move forward with the appraisal process set forth in the Policy.

17. Austin Mutual declined to engage in the appraisal process, declined to accept Aurora Cooper's calculation of lost Business Income, and declined to provide its own calculation of lost Business Income.

18. As of the date of filing the Complaint, Austin Mutual and Aurora Coop have been unable to agree as to the full amount of the lost Business Income to be paid under the Policy.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

19. Aurora Coop incorporates by reference the allegations set forth in paragraph 1 through 18, above.

20. The Policy issued by Austin Mutual provides coverage for the lost Business Income suffered by Aurora Coop as a result of the Loss.

21. Aurora Coop timely notified and made demand upon Austin Mutual to pay the lost Business Income it suffered as result of the Loss and has satisfied all other conditions precedent to obtain payment under the Policy.

22. Austin Mutual has breached its obligations under the Policy by denying Aurora Coop's claim for the full amount of the loss of Business Income.

23. As a direct and proximate result of Austin Mutual's breach of its obligations under the Policy, Aurora Coop has been damaged in the amount to be determined at trial but not less than $5,900,877, representing the different between its total to-date calculated lost Business Income of $9,900,877 and the partial payment of $4,000,000.

WHEREFORE, Aurora Coop prays for the following relief:

A. Judgment in favor of Aurora Coop and against Austin Mutual;

B. An award of damages in the amount of at least $5,900,877, together with general damages in an amount to be proven at trial.

C. An award of prejudgment and post-judgment interest at the highest rate allowed by law.

D. An award of its costs and attorneys' fees pursuant to Neb. Rev. Stat. § 44-359; and

      E.    Such other and further relief as the Court deems appropriate.

Dated: August 23, 2022

            AURORA COOPERATIVE ELEVATOR
            COMPANY, Plaintiff

            By:   REMBOLT LUDTKE LLP
                   3 Landmark Centre
                   1128 Lincoln Mall, Suite 300
                   Lincoln, NE 68508
                   (402) 475-5100

            By:   /s/ Sheila A. Bentzen
                   Sheila A. Bentzen (#25020)
                   sbentzen@remboltlawfirm.com
                   Timothy R. Engler (#15940)
                   tengler@remboltlawfirm.com

4869-5848-8621, v. 1

5

Filed in Hamilton District Court
*** EFILED ***
Case Number: D28CI220000085
Transaction ID: 0013340562
Filing Date: 08/31/2022 11:02:07 AM CDT

## SERVICE RETURN

HAMILTON COUNTY DISTRICT COURT
Hamilton County Courthouse
Box 201
Aurora          NE 68818 0201

To:
Case ID: CI 22    85 Aurora Cooperative v Austin Mutual Ins C

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                      _____

Mileage ____miles         _____

    TOTAL             $ _____

Date: _____   BY: _____
                                           (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Austin Mutual Insurance Company_____

At the following address: _233 South 13th Street, Suite 1900_____

_Lincoln, NE 68508_____

_____

on the __25__ day of _August, 2022_____ _____, as required by Nebraska state law.

                                    Sheila A. Bentzen #25020
                                    _____

Postage $ _8.06_____   Attorney for: _Aurora Cooperative Elevator Company_

The return receipt for mailing to the party was signed on _August 29, 2022_,_____.

To: Austin Mutual Insurance Company        From: Sheila A Bentzen
    c/o CSC-Lawyers Inc Service Co-RA            1128 Lincoln Mall, Suite 300
    233 South 13th St., Ste. 1900                Lincoln, NE 68508
    Lincoln, NE 68508

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Return Receipt (Form 3811) Barcode

9590 9266 9904 2161 7431 07

1. Article Addressed to:

Austin Mutual Insurance Company
c/o CSC-Lawyers Inc Service Co-RA
233 S 13th Street, Ste. 1900
Lincoln, NE 68508

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2161 7431 04

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  *Anthony M Rager*   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

[Stamp: AUG 29 2022]

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

40852.000

SAB

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9266 9904 2161 7431 07

**United States Postal Service®**

• Sender: Please print your name, address and ZIP+4® below •

**REMBOLT LUDTKE LLP**
**ATTORNEYS AT LAW**
**3 LANDMARK CENTRE**
**1128 LINCOLN MALL STE 300**
**LINCOLN  NE  68508-2824**